IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY L. CLARK, SR.           )
                                )
     v.                         )     NO. 3:11-0807
                                )
WELLS FARGO BANK                )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered August 31, 2011 (Docket Entry No. 7), the Court referred this action to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

The plaintiff brings this action pro se and in forma pauperis for damages against Wells Fargo Bank. He does not set out a basis for federal jurisdiction or a specific cause of action, and he states as the grounds for his complaint: "Wellforgo (sic) didn't deposit the money I presented to the bank." See Complaint (Docket Entry No. 1), at 1. In his statement of his claim he alleges:

> When I open my account the agrement (sic) was I would have an secuity (sic) theft fraud alert on the account. The defendant mell (sic) me a letter stateing (sic) that I owe them 90 dollars for a check that was not cleared. I went to the defendant to solve the issues; but nothing was resolve!

Id. at 2. As relief, the plaintiff requests "I would like the court to solve this issiuse (sic). I would like to have my money A.S.A.P." Id. at 3. In a motion filed September 8, 2011, the plaintiff states:

I have serived (sic) my time and I am being herished (sic) by some low life people that is not understanding the ruling of the court. I wood (sic) aperceate (sic) some cooperation in the case No 102120018, 13414." See Docket Entry No. 10.

Pro se complaints are to be construed liberally by the Court. See Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990). To state a claim upon which relief can be granted, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Id. To survive scrutiny under Section 1915(e)(2)(B)(ii), the

"complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1949). See also Scheid v. Fanny Farmer Candy, 859 F.2d 434, 437 (6th Cir. 1988). Further, the plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). The less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. Wells, 891 F.2d at 594 (6th Cir. 1989).

After review of the plaintiff's complaint, the Court finds that the action should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The Court is simply not able to decipher an arguable legal claim within the complaint. The complaint fails to comply with the basic requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which requires a short and plain statement of the claim entitling Plaintiff to relief. Other than being able to conclude that plaintiff believes that he has been wronged in some manner, the Court cannot determine with any certainty what specific causes of action the plaintiff sets out. Additionally, the complaint does not include a short and plain statement of the Court's jurisdiction or refer in any way to the statutory or common law basis for a cause of action. The motion filed by the plaintiff fails in any way to clarify the plaintiff's complaint or establish a legal cause of action.

# R E C O M M E N D A T I O N

For the reasons set out above, the Court RECOMMENDS this action be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted.

Because the plaintiff's action warrants dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge